U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

DOUGLAS WALKER,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a
Foreign Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

    Plaintiff, **DOUGLAS WALKER**, by and through undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, and alleges as follows:

    1.    This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

    2.    This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) (admiralty) and the contractual language contained in the cruise ticket.

    3.    Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

    4.    At all times material, Plaintiff, **DOUGLAS WALKER**, was and is a resident of the State of Florida, now living in Umatilla, Florida, and at all times material was a passenger on board defendant's vessel, **ECSTASY**.

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Operated vessels and provided vessels for cruises in the waters of this state;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about June 16, 2013, Defendant owned and operated a passenger cruise ship known as the "**ECSTASY**."

8. At such time and place, Plaintiff, **DOUGLAS WALKER**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On or about June 16, 2013, while on board the **ECSTASY**, which was operating

in navigable waters, the Plaintiff, **DOUGLAS WALKER**, was seriously injured when he slipped and fell on a wet substance after entering the men's restroom on the Lido Deck, seriously injuring his right elbow, hip, knee and leg.

11. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

12. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. Failing to exercise reasonable care for the safety of its passengers and in creating a dangerous condition by failing to place a sufficient water absorbent mat in the men's restroom on the Lido Deck of the Carnival Ecstasy;

B. Failing to properly maintain the deck surfaces in and around the men's restroom on the Lido Deck in a reasonably safe condition;

C. Failing to inspect the men's restroom on the Lido Deck in a sufficient and diligent manner to determine the presence of foreign transitory substances;

D. Failing to provide a reasonably safe walkway and deck surface on its vessel, reasonably designed for use by its passengers;

E. Failing to warn passengers, including Plaintiff of the wet surface, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of the Lido Deck;

F. Negligently establishing and enforcing a method of operation for inspection and maintenance of the interior deck surfaces where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class in the same Lido Deck restroom areas, including the area where Plaintiff fell;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of food and liquid on the deck surfaces in the area in and around the restrooms aboard the Carnival Ecstasy;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

13. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **DOUGLAS WALKER**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization and medications, loss of earnings in the past, lost income and loss or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **DOUGLAS WALKER**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: June 13, 2014.

          LAW OFFICE OF GLENN J. HOLZBERG
          Offices at Pinecrest II, Suite 220
          7685 S.W. 104th Street
          Miami, Florida 33156
          Telephone: (305) 668-6410
          Facsimile:   (305) 667-6161

BY:   */s/ Glenn J. Holzberg*_____
        GLENN J. HOLZBERG
        Fla. Bar # 369551